UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL NUÑEZ,<br><br>                    Petitioner,<br><br>          vs.<br><br>WARDEN K. BENNETT,<br><br>                    Respondent. | 4:22-CV-04118-LLP<br><br><br>REPORT & RECOMMENDATION |

## INTRODUCTION

Petitioner, Michael Nuñez, an inmate at the Yankton Federal Prison Camp, in Yankton, South Dakota, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Docket No. 1.  The court ordered his petition served and requested respondent to show cause why Mr. Nuñez's request for relief should not be granted.  See Docket No. 6.  Thereafter, respondent filed a pleading requesting that Mr. Nuñez's case be dismissed as moot.  See Docket No. 14.  Mr. Nuñez filed a response in opposition to that pleading and respondent filed a reply.  See Docket Nos. 14, 18.  The matter is now ripe and was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 57.11.

## FACTS

Mr. Nuñez initially filed this matter with the court alleging that respondent had not calculated his earned time credits under the First Step Act ("FSA") and had not updated his computations sheet.  Docket No. 1 at p. 2.  He

requested the court to order respondent to perform that calculation and to update his computation sheet. Id. at p. 8.

In response, respondent asserted that the Bureau of Prisons ("BOP") had now (after the petition was filed) calculated Mr. Nuñez's FSA time credits and had updated his computation sheet. Docket No. 14 at p. 3 and Docket No. 15. Respondent urges this court to dismiss Mr. Nuñez's case as moot since the relief he requested has now been rendered to him. Docket No. 14 at p. 3.

Mr. Nuñez then filed a response in opposition to respondent's pleading asserting that the BOP's calculation of his FSA time credits is erroneous. Docket No. 16 at p. 3. Respondent calculates his FSA time credits as 410 days while Mr. Nuñez maintains he is entitled to 600 days' credit. Id. In his reply, respondent asserts that judicial review has not been granted by Congress regarding the BOP's decision in petitioner's case as to how many credits he should be given.

## DISCUSSION

When the BOP promulgates rules interpreting legislation passed by Congress, those rulemaking decisions are subject to judicial review. Roberts v. Cox, 4:20-CV-04187-KES, 2022 WL 742489 at *2 (D.S.D. Mar. 11, 2022) (citing 18 U.S.C. § 3625; Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998)). See also Minotti v. Whitehead, 584 F. Supp. 2d 750, 761 (D. Md. 2008); Wiggins v. Wise, 951 F. Supp. 614, 618-19 (S.D. W. Va. 1996).

However, adjudicative decisions in a specific case are not subject to judicial review. Id.; 18 U.S.C. § 3625 (stating "the provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to

2

the making of any determination, decision, or order under this subchapter.").[1]

Adjudications are "determinations which apply rules to individual cases."

Wiggins, 951 F. Supp. At 618 (citing Hercules, Inc. v. Environmental Protection

Agency, 598 F.2d 91, 117 (D.C. Cir. 1978)).  Adjudications are "retrospective

particularized fact-finding for each prisoner."  Minotti, 584 F. Supp. 2d at 761.

A challenge to the BOP's calculation of a prisoner's time credits in a specific

case is an adjudicative decision which is not subject to judicial review.

Roberts, 2022 WL 742489 at *2.

Mr. Nuñez does not take issue with any of the rules the BOP has

promulgated interpreting the FSA, nor does he argue that the BOP is applying

the rules it promulgated unconstitutionally.  Rather, Mr. Nuñez complains that

the BOP in applying those rules to him did not calculate his FSA credits

correctly.  Docket No. 16 at pp. 3-10.  This is the classic type of adjudicatory

action that § 3625 prohibits courts from exercising judicial review over.  For

example, Mr. Nuñez argues that the BOP's calculation rests, in part, on the

finding by the agency that he refused to engage in anger

management/parenting counseling.  Docket No. 16 at pp. 6-7.  Mr. Nuñez

argues he has proof this is untrue—he never refused such counseling.  Id.

This is exactly the type of "retrospective particularized fact-finding for each

prisoner" over which this court does not have the power of judicial review.  18

U.S.C. § 3625; Minotti, 584 F. Supp. 2d at 761.  This court held specifically in

the Roberts case that the BOP's calculation of a specific prisoner's credits

---

[1] Sections 554, 555, and 701-706 of Title 5 are those provisions of the
Administrative Procedures Act providing for judicial review of decisions by
federal agencies.

3

under the FSA is an adjudicative decision which is not subject to judicial review.  <u>Roberts</u>, 2022 WL 742489 at *2.

The original relief Mr. Nuñez sought in his § 2241 petition—calculation of his FSA credits and updating of his computation sheet—has been now provided.  Docket No. 15.  Accordingly, the relief he requested in his petition has now been rendered moot.  <u>Roberts</u>, 2022 WL 742489 at *2.

Mr. Nuñez, in his response to respondent's pleading, changes the relief he is requesting by now arguing that respondent failed to calculate his FSA credits correctly.  That argument raises an adjudicative matter that is not subject to judicial review.  <u>Roberts</u>, 2022 WL 742489 at *2; <u>Wiggins</u>, 951 F. Supp. At 618.  Accordingly, the court will recommend that petitioner's petition be dismissed.

## CONCLUSION

Based on the foregoing facts, law, and analysis this magistrate judge respectfully recommends that petitioner Michael Nunez's petition be dismissed with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require *de novo* review by the

district court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

DATED December 1, 2022.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge